UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 18-cv-23395-CIV-MORENO

THOMAS HEINEN, *et al.*,

    Plaintiffs,

vs.

ROYAL CARIBBEAN CRUISES LTD.,

    Defendant.

_____/

## **ORDER GRANTING SECOND MOTION TO DISMISS THE AMENDED COMPLAINT**

The Plaintiffs, prospective passengers, sued the cruise line Defendant for its late decision to cancel a cruise due to a hurricane. The Court, for the second time, finds that the Plaintiffs fail to allege sufficient specific injuries and causation for the negligence and negligent infliction of emotional distress claims, which they allege were due to the untimely cancellation of the cruise.

### **I. Background**

This action involves claims brought by nineteen Plaintiffs against Defendant Royal Caribbean Cruises. The Amended Complaint alleges two causes of action: (I) negligence and (II) negligent infliction of emotional distress. The claims relate to the cancellation of a cruise aboard the Liberty of the Seas cruise ship, which was scheduled to depart from the port of Galveston, Texas on August 27, 2017. Plaintiffs, who had all purchased tickets for the cruise, allege that Defendant issued notices in the days leading up to the departure that informed Plaintiffs that the cruise was still on schedule and there would be no refund. The Plaintiffs contend that Defendant's decision not to timely cancel the cruise until the day it was set to sail, despite the impending landfall of Hurricane Harvey in the Houston, Texas area, along with the notices, forced the would-

be passengers to travel to Houston and therefore spend time in post-hurricane conditions. Plaintiffs assert that as a result of Defendant's negligence, they were trapped in Houston, Texas in post-hurricane conditions and suffered physical and emotional damage. As to the injuries, the Amended Complaint contains a long list of grievous injuries ranging from bodily harm to the loss of enjoyment of life.

The Court granted the first Motion to Dismiss and dismissed the Original Complaint because of the absence of allegations identifying the particular injuries that each Plaintiff supposedly suffered. The Court instructed the Plaintiffs to specify each Plaintiff's injury, however, the Amended Complaint still fails to do so.

## II. Legal Standard

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When ruling on a motion to dismiss, a court must view the complaint in the light most favorable to the plaintiff and accept the plaintiff's well-pleaded facts as true. See St. Joseph's Hosp., Inc. v. Hosp. Corp. of Am., 795 F.2d 948, 954 (11th Cir. 1986). To survive a motion to dismiss, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Detailed factual allegations are not required, but a pleading must offer more than "labels and conclusions" or "a formulaic recitation of the elements of the cause of action." Twombly, 550 U.S. at 555; Jackson v. BellSouth Telecomm., 372 F.3d 1250, 1263 (11th Cir. 2004) ("To survive a motion to dismiss, plaintiffs must do more than merely state legal conclusions; they are required to allege some specific factual bases for those conclusions or face dismissal of their claims."). In short, the complaint must not merely allege misconduct, but must demonstrate that the pleader is "entitled to relief." Iqbal, 556 U.S. at 677-78.

2

## III. Legal Analysis

At the hearing on the Motion to Dismiss the Original Complaint, this Court explained to the parties that grouping all of the Plaintiffs and then using an extensive list of injuries, without indicating which of the individuals suffered which harms, was insufficient to state a claim for negligence. In this Motion to Dismiss the Amended Complaint, Defendant contends that the negligence claim is still insufficient, because none of the Plaintiffs identify any of the specific injuries that they supposedly suffered or how any of their injuries were caused. In response, Plaintiffs assert that the Amended Complaint properly alleges a negligence claim because it separates and indicates each Plaintiff's injury and provides Defendant with adequate notice of the claim. To state a negligence claim, Plaintiffs must allege that Defendant had a duty of care, Defendant breached that duty, that such breach was the actual and proximate cause of Plaintiffs' injuries, and that the Plaintiffs suffered damages. See Chaparro v. Carnival Corp., 693 F.3d 1333, 1336 (11th Cir. 2012). The Court holds that the Plaintiffs have failed to allege a negligence claim.

The Amended Complaint is unclear as to what specific injury each Plaintiff suffered as a result of Defendant's negligence. The Amended Complaint's allegations are identical to the allegations in the original complaint, except for the paragraphs that give details as to each Plaintiff. These paragraphs are Plaintiff-specific and identify when each Plaintiff allegedly travelled to the Houston area, the number of days they were subjected to post-hurricane conditions, the out of pocket expenses that they incurred, and how and when they received information directly from Defendant indicating that all passengers were required to travel to the port for departure or their pre-paid cruise fare would be forfeited.

In regard to their injuries, not one Plaintiff identifies any specific personal injury that they suffered, nor what exactly caused their injuries. Plaintiffs only allege that they "suffered physical and emotional damage." Furthermore, just like the Original Complaint, the Amended Complaint

contains the same extensive list of injuries the Plaintiffs supposedly sustained; the list does not indicate which Plaintiff supposedly suffered which injury and what caused each injury. The list only indicates that the injuries were caused "as a result of the negligence of RCCL (Defendant)." The Amended Complaint is not sufficient to provide notice to Defendant of Plaintiffs' claim for negligence, and the factual basis upon which the claim is predicated.

### A. The Allegations are Conclusory

While Plaintiffs need not set forth detailed factual allegations, they must allege sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. Formulaic recitations of the elements of a claim and legal conclusions without adequate factual support are entitled to no assumption of truth. See Iqbal, 556 U.S. at 678; Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011). Plaintiffs assert little more than mere labels and conclusions while reciting the elements of negligence. The Complaint states that "as a result of the negligence of RCCL, Plaintiffs were injured," and each Plaintiff generically states that they "suffered physical and emotional damage." The conclusory allegations in the Amended Complaint are insufficient and do not explain how Plaintiffs were damaged nor what caused the damage. The allegations also make it impossible for the Defendant to formulate an answer.

### B. Plaintiffs Fail to Allege Causation

Plaintiffs' Amended Complaint fails to allege any facts that would put Defendant on notice of *what* caused each of the Plaintiff's injuries. Flaherty v. Royal Caribbean Cruises, Ltd., No. 15-22295, 2015 WL 8227674, at *4 (S.D. Fla. Dec. 7, 2015) (holding that plaintiff failed to plead that defendant's failure to warn proximately caused his injury because the complaint failed to allege any facts that would put Royal Caribbean on notice of what caused plaintiff to fall). While the Court is fully aware that "notice pleading [does] not require that the pleader allege a 'specific fact' to cover every element or allege 'with precision' each element of a claim," Rule 8 still requires

4

that a complaint "contain either direct or inferential allegations respecting *all the material elements* necessary to sustain a recovery under some viable legal theory." Fed. R. Civ. P. 8; Fin. Sec. Assur., Inc. v. Stephens, Inc., 500 F.3d 1276, 1282–83 (11th Cir.2007).

Based on the allegations in this case, it is unclear whether any of the dangerous conditions cited by Plaintiffs proximately caused their injuries. While the Court must construe all reasonable inferences in favor of Plaintiffs, the Court cannot permit a claim to proceed to discovery based on pure speculation. Without any facts demonstrating how Plaintiffs were injured, the Court is left to guess whether the torrential winds, the flooding, or the lack of food, or any other condition listed (of which Defendant was alleged to have notice) proximately caused Plaintiffs' injuries. It may be the case that some other reason caused the accident, which could completely absolve Defendant of liability and offer them an affirmative defense. See Brown v. Oceania Cruises, Inc., No. 17-22645-CIV, 2017 WL 10379580, at *4 (S.D. Fla. Nov. 20, 2017) (holding that without facts detailing how plaintiff was injured on cruise excursion, the Court could not determine whether the enumerated reasons cited by Plaintiff plausibly caused Plaintiff's injury).

To survive a motion to dismiss, a plaintiff must allege facts that render it "more than merely possible" that the Defendant is liable. See Chaparro, 693 F.3d at 1337 (citing Iqbal, 556 U.S. at 678). The allegations must make the plaintiffs' claims "facially plausible," which requires "enough facts to raise a reasonable expectation that discovery will reveal evidence of the defendant's liability." Id. (quoting Twombly, 550 U.S. at 556). Factual allegations that are "'merely consistent with' a defendant's liability" fall short of being facially plausible. Id. (citing Iqbal, 556 U.S. at 678). Here there are no direct facts or reasonable inferences, which raise an expectation that discovery will reveal that one or more of these dangerous conditions caused Plaintiffs' injuries.

See Flaherty, 2015 WL 8227674, at *4.[1] Without facts detailing how Plaintiffs were injured in Texas, the Court cannot determine whether these enumerated reasons plausibly caused Plaintiffs' injury. See Brown, 2017 WL 10379580, at *4. Accordingly, the Court holds that Plaintiffs have failed to state a negligence claim, and because a claim for negligent infliction of emotional distress requires an adequately pled underlying claim of negligence, both Counts I and II are dismissed. See Chaparro, 693 F.3d at 1333.

C. Plaintiffs Properly Allege that they were Informed of the Refund Policy

Next, Defendant argues that Plaintiffs' Amended Complaint fails to follow this Court's orders, because it does not identify the communications in which each Plaintiff attempted to cancel his or her cruise and/or request a refund. The theory behind Plaintiff's claims is that Defendant refused to issue refunds to any passenger who canceled his or her cruise. At the hearing, the Court held that there were no allegations in the Original Complaint that any of the Plaintiffs contacted Defendant to request that they be permitted to cancel their cruise and receive a refund. However, the Plaintiff-specific paragraphs in the Amended Complaint show how each Plaintiff was informed that the cruise would not be cancelled and that if they did not show up at port, they would lose their entire pre-paid cruise fare. Accordingly, taking Plaintiffs' allegations as true, the Court holds that the allegations in the Amended Complaint demonstrate that each of the Plaintiffs were informed and had notice of the cancellation policy.

IV. **Conclusion**

The Court finds that Plaintiffs fail to state a plausible claim for negligence (Count I) and negligent infliction of emotional distress (Count II). Accordingly, it is

---

[1] If the Court permitted Plaintiffs' claims to proceed to discovery on this Amended Complaint, the following hypothetical allegation would also survive a motion to dismiss: "There was a bomb, gun, snake, toxic gas, mold, and knife in the room and because of these dangerous conditions I was injured." This statement, while seemingly detailed, does nothing to inform the defendant of the allegations against it. Flaherty, 2015 WL 8227674, at *4.

6

ADJUDGED that Defendant's Motion to Dismiss is GRANTED and the Complaint is DISMISSED with prejudice. The case is CLOSED.

DONE AND ORDERED in Chambers at Miami, Florida, this 28th of August 2019.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record